**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| ANTAVIOUS DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| DOUGHERTY COUNTY, GEORGIA, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Antavious Davenport and files this Complaint for Damages against Defendant Dougherty County, Georgia, showing the Court as follows:

## NATURE AND PURPOSE

1.

This lawsuit is brought seeking redress for gender-based discrimination and retaliation in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and for violations of state law.

## JURISDICTION AND VENUE

2.

Plaintiff's claims present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4); and 42 U.S.C. §2000e et seq. Plaintiff also invokes this Court's jurisdiction pursuant to 42 U.S.C. § 12117.

3.

This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3) because all of the Defendants reside within the Middle District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in

this judicial district.

4.

This Court also has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.

Plaintiff timely filed a Charge of Discrimination on November 22, 2023 against Defendant with the Equal Opportunity Commission ("EEOC") for discrimination based on gender, and for retaliation. On April 26, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff timely filed this Complaint within ninety (90) days of receiving the Right to Sue.

6.

Plaintiff is a male citizen of the United States who currently resides in the State of Georgia and who resided in the Middle District of Georgia during the events which give rise to this cause of action.

7.

Defendant is a political subdivision of the State of Georgia, which has the capacity to sue and be sued, and which acts through its County Administrator, Board of Commissioners, employees, agents, and others. Defendant can be served process through its Chairman of the Board of Commissioners, and is within the jurisdiction and venue of this Court.

8.

Defendant is now, and at all times relevant hereto, been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII. During all times relevant to this Complaint, Defendant has employed more than 500 people.

9.

Plaintiff became employed by Defendant on or around July 17, 2013. Plaintiff's supervisor was Annie Hill. Almost immediately after starting the job, Hill initiated a romantic relationship with Plaintiff against his will.

10.

Hill's actions made clear to Plaintiff that his continued employment was contingent on him remaining in the romantic relationship with Hill.

11.

In order to encourage Plaintiff to continue the non-consensual relationship, Hill sometimes paid for Plaintiff's breakfast and lunch, allowed him to use one of Defendant's vehicles for personal use, and allowed him to use her own vehicle.

12.

On November 2, 2023, Plaintiff asked Hill a job-related question and Hill responded by asking Plaintiff to "come to the back" so that she could speak to him with no one else present. Hill said to Plaintiff that he could not "do what you want to do," and Plaintiff responded that he had not been trained properly and that he did not want to continue the romantic relationship Hill had initiated. Plaintiff told Hill that he wanted to come to work in peace and go home, and Hill responded that Plaintiff could go home for the rest of the day.

13.

On November 3, 2023, Plaintiff approached Melvin Williams about the prior day's events with Hill. Williams responded that Hill had "sent you home."

14.

When Hill arrived for work at around 11:35 a.m., Plaintiff was called into her office

and told that he was being terminated for insubordination.

15.

Although Plaintiff learned that Defendant claimed that prior to his termination, Plaintiff had been counseled about alleged tardiness and insubordination, no such counseling occurred until after Plaintiff complained to Hill and/or Williams about not wanting to continue the non-consensual relationship.

16.

To the extent that Plaintiff was ever tardy, those instances were all ones where Hill had either directed him to perform a non-work related task, or which Hill had told Plaintiff beforehand that he could arrive to work at a different time.

17.

Plaintiff was not insubordinate towards Hill on November 2, 2023.

### COUNT I - VIOLATION OF GEORGA WHISTLEBLOWER STATUTE

18.

Plaintiff reasserts the allegations set forth in numbered paragraphs 1 through 17 of this Complaint.

19.

Defendant retaliated against Plaintiff in violation of O.C.G.A. § 45-1-4 for Plaintiff's disclosure of a violation of or noncompliance with a law, rule or regulation to Hill and Williams and for Plaintiff's refusal to participate in a policy, activity or practice that Plaintiff reasonably believed was in violation of or noncompliance with a law, rule or regulation.

20.

As a result of Defendant's unlawful actions, Plaintiff has suffered an ongoing loss of pay

and benefits, as well as emotional pain, suffering, inconvenience, mental anguish and/or loss of enjoyment of life, for which Defendant is answerable in damages.

## COUNT II – VIOLATION OF TITLE VII - HARASSMENT

21.

Plaintiff reasserts the allegations set forth in numbered paragraphs 1 through 20 of this Complaint.

22.

Defendant discriminated against Plaintiff on the basis of his sex (male) in violation of Title VII of the Civil Rights Act of 1964, as amended.

23.

By conditioning Plaintiff's continued employment on his participation in a non-consensual relationship with Hill, Defendant violated the law.

24.

Hill's conduct towards Plaintiff was sufficiently severe or pervasive to alter the conditions of his employment.

25.

Hill's conduct towards Plaintiff was unwelcome and was based on his gender, and Defendant was responsible for the hostile work environment Hill created.

26.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of Title VII and 42 U.S.C. section 1981A. Plaintiff thus seeks compensatory and punitive damages pursuant to 42 U.S.C. §1981a.

27.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

28.

As a result of Defendant's unlawful actions, Plaintiff has suffered an ongoing loss of pay and benefits, as well as emotional pain, suffering, inconvenience, mental anguish and/or loss of enjoyment of life, for which Defendant is answerable in damages.

## COUNT III – VIOLATION OF TITLE VII - RETALIATION

29.

Plaintiff reasserts the allegations set forth in numbered paragraphs 1 through 28 of this Complaint.

30.

Plaintiff's complaints to Hill and/or Williams about being forced to remain in a non-consensual romantic relationship with Hill or instead lose his job constituted protected activity under Title VII.

31.

After engaging in this protected conduct, Defendant terminated Plaintiff.

32.

Defendant terminated Plaintiff because he engaged in this protected conduct.

33.

Defendant's stated reasons for terminating Plaintiff were a pretext for its retaliatory motive.

34.

As a result of Defendant's unlawful actions, Plaintiff has suffered an ongoing loss of pay and benefits, as well as emotional pain, suffering, inconvenience, mental anguish and/or loss of enjoyment of life, for which Defendant is answerable in damages.

35.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

36.

Plaintiff thus seeks compensatory and punitive damages pursuant to 42 U.S.C. §1981a.

## COUNT IV:  PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1

37.

Plaintiff incorporates by reference the allegations in paragraphs 1-36 of this Complaint as if they were fully set forth herein.

38.

Defendant's acts were intentional and humiliating.

39.

Defendant's acquiescence in the harassment and retaliation by its employees against Plaintiff further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiff is accordingly entitled to recover from Defendant, in addition to compensatory damages, an award of punitive damages under the law of Georgia in order to punish Defendant, or to deter them from repeating such wrongful acts.

WHEREFORE, Plaintiff prays that this Court grant him the following relief:

(A)     Award Plaintiff appropriate back pay with prejudgment interest, in an amount to be determined at trial;

(B)     That this Court declare that Defendant's actions, policies and practices complained of herein violate the rights of Plaintiff as secured by state and federal law;

(C)     Award Plaintiff front pay and/or reinstatement, and any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

(D)     Award Plaintiff compensation for past and future pecuniary loss resulting from Defendant's unlawful conduct;

(E)     Temporarily, preliminarily, and permanently enjoin Defendant from future discriminatory acts relative to discrimination based on gender and for opposing such discrimination;

(F)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(G) Award Plaintiff compensation for non-pecuniary loss resulting from Defendant's unlawful conduct, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in an amount to be determined by the jury at trial; and

(H) Award Plaintiff such other and further relief as the Court may deem appropriate.

This 24th day of July, 2024.

/s/Frederick C. Dawkins
Frederick C. Dawkins
Georgia Bar No. 213460

Frederick C. Dawkins, Esq., P.C.
3379 Peachtree Road
Suite 555
Atlanta, Georgia 30326

Telephone: (404) 974-9543
Facsimile: (404) 974-9542
Counsel for Plaintiff